*JAMIS M. JOHNSON*
1408 E. Military Way
Salt Lake City, Utah 84103
Telephone: (801) 347-1112

*Plaintiff Pro Se*

RECEIVED CLERK
SEP 0 7 2010
U.S. DISTRICT COURT

FILED
U.S. DISTRICT COURT
2010 SEP -7 A 9: 51
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| JAMIS M. JOHNSON, Plaintiff, vs. MILLARD COUNTY and SHERIFF ROBERT A. DEKKER, in his official capacity, Defendants. | COMPLAINT<br><br>Case: 2:10cv00881<br>Assigned To : Benson, Dee<br>Assign. Date : 9/7/2010<br>Description: Johnson v. Millard County et al |
|---|---|

Plaintiff hereby complains and alleges against Defendant as follows:

**PARTIES AND JURISDICTION**

1) Plaintiff is an actual and *bona fide* resident of Salt Lake County, State of Utah.

2) Defendant Millard County is a political subdivision within the State of Utah which operates the Millard County Jail in the State of Utah.

3) Defendant Sheriff Robert A. Dekker is the Sheriff of Millard County, State of Utah who officially administers the Millard County Jail on behalf of Millard County, State of Utah.

4) Jurisdiction of this action is pursuant to 42 U.S.C. §1983 and 42 U.S.C. §12133.

5) Venue is properly laid in the Central Division of the District of Utah, pursuant to 28 U.S.C. §1391(b).

1

## FACTS

6) Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 5 of this Complaint.

7) Plaintiff suffers from the degenerative eye disease of Stargardts macular degeneration which is a physical impairment causing Plaintiff to be substantively visually impaired to the extent that he has been certified "legally blind" by the State of Utah and has been determined "disabled" under the Social Security Act, 42 U.S.C. §416(I) by the Social Security Administration (copy of disability designation attached hereto as Exhibit A).

8) Plaintiff's impairment is a disability within the meaning of the Americans With Disabilities Act, 42 U.S.C. § 12102(1).

9) Plaintiff is only able to engage in major life activities as defined by the Americans With Disabilities Act at 42 U.S.C. §12102(2)(A) by using "low-vision devices" as defined in the Americans With Disabilities Act, 42 U.S.C. § 12102(4)(E)(iii), which include *to wit:* mounted closed circuit enlarging television camera, x-y sliding table , mounting arm, attached laptop with operating software, printer, large screen monitor, remote controller, Instruction CD / manual, and related equipment, ("CCTV Reader") lighted hand-held magnifier and glasses framed magnifier.

10) On August 30, 2010 Plaintiff was sentenced by State of Utah Fourth District Court Judge Donald J. Eyre in State of Utah Fourth District Court Case No. 051700056 to a term of incarceration for 60 days in the Millard County Jail administered by Defendant Robert A. Dekker on behalf of Defendant Millard County commencing at 5:00 p.m. September 7, 2010.

11) On September 3, 2010, the Honorable Judge Donald J. Eyre entered an Order Permitting Defendant To Use Visual Aids while incarcerated.

12) On September 3, 2010, Plaintiff telephoned the office of the Millard County Jail administered by Defendant Robert W. Dekker for Defendant Millard County to verify compliance with the State of Utah Fourth District Court's Order Permitting Defendant to Use Visual Aids.

13) An Officer of the Millard County Jail acting on behalf of Defendant Robert A. Dekker administering the Millard County Jail on behalf of Defendant Millard County stated the Jail Administration were not bound by State of Utah Fourth District Court Judge Donald J. Eyre's Order Permitting Defendant to Use Visual Aids, and the Jail had independent discretion whether or not to allow any visual aids, and the Jail did not provide visual aids or facilities for the visually impaired nor would guarantee that Plaintiff would be allowed to bring his own low-vision devices into incarceration with him.

## FIRST CLAIM FOR RELIEF - VIOLATION OF THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

14) Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 13 of this Complaint.

15) Defendants' refusal to provide essential low vision aids, or guarantee Plaintiff will be able to use own low-vision devices to sustain major life activities, is acting under color of any statute, ordinance, regulation, custom, or usage, of any State, which causes Plaintiff to be subjected, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, specifically, the Americans With Disabilities Act, in violation of 42 U.S.C. §1983.

## SECOND CLAIM FOR RELIEF - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§12101 *et seq.*

16) Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 15 of this Complaint.

3

17) Defendants are "public entities" as defined by the Americans with Disabilities Act, 42 U.S.C. §12131(1).

18) Plaintiff is a "Qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12131(2).

19) Defendant's refusal to either provide essential low vision aids and facilities or guarantee Plaintiff will be able to use his own low-vision devices is a failure to make reasonable accommodation to allow Plaintiff to sustain major life activities.

20) Defendants' refusal to either provide or guarantee Plaintiff will be able to use his own low-vision devices to sustain major life activities is discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §12132.

21) Plaintiff is entitled to enforce the prohibition against the afore-said discriminatory treatment under the Americans With Disabilities Act, 42 U.S.C. §12133.

## THIRD CAUSE OF ACTION - VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION

22) Plaintiff incorporates by reference the allegations of the preceding paragraphs 1 through 21 of this Complaint.

40) Defendants' refusal to either provide or guarantee Plaintiff will be able to use his own low-vision devices to sustain major life activities in violation of the Americans With Disabilities Act constitutes cruel and usual punishment in violation of the Eighth Amendment to the U.S. Constitution.

41) Plaintiff is entitled to prohibit the use of cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution under the Civil Rights Act, 42 U.S.C. §§1983, 1986 and 1988.

## FOURTH CAUSE OF ACTION - INJUNCTIVE RELIEF.

42) Plaintiff incorporates by reference the allegations of the preceding paragraphs 1 through 41 of this Complaint

43) By virtue of Defendants' refusal to either provide, or guarantee Plaintiff will be able to use his own, low-vision devices to sustain major life activities in violation of the Americans With Disabilities Act, Defendants have breached their constitutional its statutory duties to Plaintiff.

44) Plaintiff is entitled to preliminary and permanent injunction relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12133 and the Civil Rights Act, 42 U.S.C. §1983.

45) As a result of Defendants' refusal to either provide, or guarantee Plaintiff will be able to use his own, low-vision devices to sustain major life activities in violation of the Americans With Disabilities Act, Plaintiff should not be compelled to report to the Millard County Jail until compliance with the Americans With Disabilities Act and Eighth Amendment to the U.S. Constitution is enforced.

46) Plaintiff requests an injunction by the Court requiring Defendants to either provide appropriate low vision aids and facilities, or guarantee Plaintiff will be able to use his own low-vision devices to sustain major life activities.

47) Plaintiff will suffer immediate and irreparable harms if an injunction is not granted with a loss of statutory and constitutional rights involving loss of liberty under condition of being subjected to cruel and unusual punishment in violation of the Americans With Disabilities Act which is not simply measurable in money damages.

47) The threatened injury outweighs the harm the preliminary injunction may cause the opposing party - Defendant would suffer absolutely no harm if the injunction issues.

48) The injunction is in the public interest - in that it is always in the public interest to maintain the enforcement of statutory and constitutional guarantees against discriminatory treatment.

WHEREFORE, Plaintiff requests declaratory and injunctive relief for judgment against Defendant as set forth above, along with Plaintiff's costs, and such other relief as the Court deems just.

DATED this 7th day of September, 2010.

Respectfully submitted,

By: JAMIS M. JOHNSON
Plaintiff *Pro Se*